United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SNEH NIRANJAN,

    Plaintiff,

v.

BANK OF AMERICA, N.A., RECONTRUST COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF HARBOR VIEW MORTGAGE LOAN TRUST 2004-11, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-11 INDIVIDUALLY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1 through 100, inclusive,

    Defendants.

No. C 12-05706 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

In this foreclosure action, defendants move to dismiss all of plaintiff's claims. For the reasons stated below, the motion to dismiss is **GRANTED**.

**STATEMENT**

Plaintiff Sneh Niranjan's claims arise out of an attempt to invalidate a pending foreclosure on the theories that (1) the note and deed of trust were improperly separated and thus are invalid; (2) MERS lacked authority to assign the deed of trust to the foreclosing entity; (3) the lender's failure to transfer the physical, original note made later foreclosure impossible;

(4) securitization of the note leaves no party with the right to foreclose; and (5) defendants fraudulently "robo-signed" various documents.

The following facts are taken from the complaint and appended exhibits. In 2004, plaintiff acquired from Countrywide Home Loans, Inc., a mortgage for $360,000 secured by residential real property in Hayward. The loan was recorded by a promissory note and secured by a deed of trust against the subject property listing a non-party as the trustee and defendant MERS as the nominal beneficiary. The deed explicitly granted MERS the power to foreclose. Immediately thereafter, Countrywide sold the loan to a series of financial services providers that transferred the loan into a mortgage-backed security pool, the Harborview Mortgage Loan 2004-11, Asset-Backed, Pass-Through Certificates, Series 2001-11 (Compl. ¶¶ 9–12, Exh. B).

In 2008, defendant Bank of America, N.A., acquired Countrywide. In 2011, MERS assigned the beneficial interest of the deed to BAC Home Loans Servicing, LP (a Bank of America subsidiary). At an unspecified time, plaintiff fell behind on her mortgage payments. In June 2012, Bank of America "tried with due diligence" to contact plaintiff regarding her missed payments (*id.*, Exh. G). On July 10, 2012, Bank of America substituted ReconTrust as the trustee and assigned the deed to defendant Deutsche Bank. On the same day, ReconTrust recorded with Alameda County a notice of default indicating plaintiff was $17,597.55 behind on her mortgage payments (*ibid.*). ReconTrust then filed a notice of trustee's sale to be held in October 2012 (*id.*, Exh. H). The complaint does not allege that plaintiff intended or intends to cure the default or that a foreclosure sale has occurred.

Plaintiff, who is represented by counsel, filed this complaint in November 2012. Defendants moved to dismiss, and plaintiff failed to respond. Defendants renoticed their motion to dismiss in late February 2013. After plaintiff again failed to respond, the undersigned issued an order to show cause why the action should not be dismissed for failure to prosecute (Dkt. No. 25). Plaintiff responded with inadequate excuses for the two missed deadlines, and instead of responding to the motion, attempted to file an amended complaint (Dkt. No. 27). The undersigned requested that plaintiff file a "redline" version of the proposed amended complaint showing the changes made, a request to which plaintiff never responded. Given the

2

1  blown deadlines and the untimely attempt to file, without good cause shown, an amended
2  complaint in contravention of Rule 15(a) (that made no effort to rectify the deficiencies
3  identified in defendants' motion), an order struck the amended complaint (Dkt. No. 30).
4  Simultaneously, plaintiff filed a motion seeking to drop the only non-diverse defendant,
5  ReconTrust (Dkt. No. 28).  The clerk subsequently dismissed ReconTrust from the action.
6  Finally, plaintiff responded to defendants' motion, and a hearing was held.

The complaint alleges ten state and federal claims, including violations of the Truth-in-Lending Act, the Real Estate Settlement Procedures Act, California's Unfair Competition Law, quiet title, constructive fraud, and unjust enrichment.  Defendants' motion to dismiss is **GRANTED**.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  Rule 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).  Rule 15(a) states that a court should freely grant leave to amend when justice so requires; however, a district court may deny leave to amend "if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Rule 9(b) requires that the circumstances constituting fraud must be stated with particularity.  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Ness v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  Rule 9(b) serves to notify defendants of the specific fraudulent conduct

against which they must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

As an initial matter, several of plaintiff's underlying theories have been rejected by courts in this district as well as the undersigned. *First*, neither our court of appeals nor the California Supreme Court has ruled on whether plaintiffs may challenge the mortgage securitization process, but the undersigned has held, in agreement with persuasive authority from this district, that there is no standing to challenge foreclosure based on a loan's having been securitized. *See Tall v. MERS*, No. C 12-05348 WHA (N.D. Cal. Dec. 21, 2012). *Second*, courts in this district, including the undersigned, reject the "original note" theory. *See Barbieri v. PWFG REO Owner, LLC*, No. C 12-05252 WHA, 2013 WL 57865 (N.D. Cal. Jan. 2, 2013). California law does not require the possession of the original note for non-judicial foreclosure under a deed of trust, and allows a trustee to initiate the foreclosure process. *Id.* at *3. *Third*, our court of appeals has limited foreclosure claims based on the "separation of the note" theory to times where the note and deed were "irreparably split." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). *Cervantes* held that transfer of interests within the MERS system did *not* irreparably split the note and deed. *Ibid.* *Fourth*, courts in this district, as well as the undersigned, have rejected the notion that MERS lacks authority to initiate foreclosure where the deed of trust states otherwise. MERS may also transfer the right to foreclose. *Tall*, No. C 12-05348 WHA.

### 1. TILA CLAIM.

The Truth-in-Lending Act "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrowers rights." *Beech v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). A lender who fails to satisfy TILA's requirements may be subject to "statutory and actual damages [that are] traceable to a lender's failure to make the requisite disclosures." *Ibid.*

A TILA claim for damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. 1640(e). Our court of appeals has held that the statute of limitations is triggered by entry into the loan transaction. *King v. California*, 784 F.2d 910,

4

915 (9th Cir. 1986). The transaction at issue here was consummated "on or about October 5, 2004" (Compl. ¶ 9). Plaintiff therefore had until October 2005 to file her TILA claim, but did not file it until November 2012. Plaintiff's TILA claim is time-barred absent equitable tolling. Plaintiff's opposition failed to respond to the TILA statute-of-limitations issue, and instead appeared to assert, without justification, that the TILA claim accrued upon assignment of the loan in August 2011. Even were this true, the statute of limitations would still have run by the time plaintiff filed her complaint. As no facts on the face of the complaint indicate any possibility that equitable tolling might apply, defendants' motion to dismiss the TILA claim is **GRANTED**.

### 2. RESPA CLAIM.

The complaint alleges defendants "failed to notify [p]laintiff of her rights under RESPA and violated her rights in doing so" (Compl. ¶ 93). This conclusory statement utterly fails to provide facts from which it might reasonably be inferred that defendants violated RESPA. Furthermore, the statute of limitations for a RESPA claim generally begins to run upon closing for a period of one or three years depending on the type of violation. 12 U.S.C. 2614. As noted above, the loan closed in October 2004. Plaintiff did not file this action until 2012. The RESPA claim is time-barred, and plaintiff's opposition fails to directly address this issue. Instead, as with the TILA claim, plaintiff appears to assert that the elements of a RESPA claim can accrue as of the assignment of a loan. Plaintiff provides no authority for this proposition. Defendants' motion to dismiss the RESPA claim is therefore **GRANTED**.

### 3. QUIET TITLE.

The purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein. "[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." *Miller v. Provost*, 26 Cal.App.4th 1703, 1707 (1994). The complaint fails to allege that plaintiff made or would make "an offer to pay the *full* amount of the debt for which the property was security," which is required. *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578–79 (1984) (emphasis added). Additionally, plaintiff's opposition did not address whether and how she would pay the $17,597.55 owing

5

on the property, when this flaw was explicitly raised by defendants' motion. The complaint fails to adequately allege compliance with this requirement, which is fatal to the quiet title claim. *Wolf v. Wells Fargo Bank, N.A.*, No. C 11-01337 WHA (N.D. Cal. Oct. 12, 2011).

Plaintiff argues that the tender requirement is waivable in her case, because she challenges the validity of the underlying debt, based upon the original note theory. As explained above, however, this Court does not ascribe to that theory. Defendants' motion to dismiss the quiet title claim is **GRANTED**.

### 4. FRAUD CLAIMS.

#### A. Constructive Fraud Claim.

California Code of Civil Procedure Section 338(d) imposes a three-year statute of limitations on fraud-based claims. To state a claim for constructive fraud under California law, a party must allege: (1) a fiduciary relationship; (2) an act, omission, or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage. *Assilzadeh v. California Federal Bank*, 82 Cal.App.4th 399, 414 (2000). In addition, Rule 9(b) requires fraud to be pled with particularity. In short, the "who, what, when, where, and how" of the fraud must be alleged. *Ness*, 317 F.3d at 1106.

It is unclear from the complaint what exactly defendants did that constituted fraud. The opposition does not identify any relevant facts alleged in the complaint and altogether fails to respond to defendants' arguments for dismissal of this claim. The opposition states that "[a]ll named defendants are known in this mortgage crisis to routinely file and record robosigned and defective documents" (Br. at 10). But this statement does not provide guidance as to whether any defendant was a fiduciary of plaintiff's or how exactly plaintiff relied to her detriment on any "robo-signed" or otherwise fraudulent documents. Instead plaintiff argues that it is defendants' duty on a motion to dismiss to at least assert that the documents at issue are valid (*id.* at 11). Not so. The court's job on a motion to dismiss is not to compare the parties' evidence; the present inquiry must focus instead on plaintiff's alleged facts.

Of particular relevance here, Rule 9(b) "does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more

6

than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (citations omitted). This plaintiff fails to do. Furthermore, it appears that all plaintiff's claims of fraud are grounded in her assertions that either (i) the deed and note were void as of the time the note was sold into the asset-backed securities pool; or (ii) MERS had no authority to transfer the deed because MERS was the beneficiary for Countrywide only, and Countrywide was long defunct. Neither of these theories is meritorious. As noted above, both have been rejected by the undersigned and courts of this district. The constructive fraud claim is insufficiently pled and therefore, defendants' motion to dismiss this claim is **GRANTED**.

### B.   California's Unfair Competition Law Fraud Claim.

The complaint expressly limits this claim to "fraud" within the meaning of the Unfair Competition Law. Persons authorized to bring claims under the UCL are "those who have suffered injury in fact and lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. "Plaintiffs must plead that they were injured in fact 'as a result' of defendants' fraudulent conduct." *Harvey G. Ottovich Revocable Living Tr. Dated May 12, 2006 v. Washington Mut., Inc.*, C 10-02842 WHA, 2010 WL 3769459 (N.D. Cal. Sept. 22, 2010).

The complaint, however, fails to state any details of any alleged "fraudulent business act or practice" committed by defendants. A "fraudulent" business practice under the UCL is one in which members of the public are likely to be deceived. *In re Tobacco II Cases*, 46 Cal.4th 298, 312 (2009). The complaint alleges an undifferentiated group of defendants' overly aggressive and unfair loan servicing policies formed the base of a scheme to "defraud California consumers and enrich the Defendants" (Compl. ¶ 99). As explained above, fraud claims must at least identify which specific defendant allegedly performed which actions. Furthermore, the complaint does not contain any specific allegations of how defendants' behavior was likely to deceive the public. UCL claims sounding in fraud must be pled with heightened specificity; this order will not infer fraud where it has not been stated. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Defendants' motion to dismiss this claim must be **GRANTED**.

7

### 5. CANCELLATION OF INSTRUMENTS.

Plaintiff seeks to cancel the original note and deed of trust (Compl. ¶ 77). She is far too late for this. The statute of limitations for a cancellation claim is only one year from entry into the agreement, and furthermore, California law requires a plaintiff seeking rescission to allege ability to tender the full loan amount. *Wolf v. Wells Fargo Bank, N.A.*, No. C 11-01337 WHA (N.D. Cal. Oct. 12, 2011). As described above, plaintiff has not alleged any willingness or ability to pay the full balance of the loan. Inasmuch as the opposition attempts to reframe this claim to request cancellation of the 2011 assignments rather than the 2004 deed and note (Br. at 10), this contradicts the face of the complaint and will not be considered. Defendants' motion to dismiss this claim is **GRANTED**.

### 6. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2934(a)(1)(A).

The complaint alleges defendants violated Section 2934(a)(1)(A) by failing to properly substitute ReconTrust as the trustee with all the required signatures. In relevant part, this Section provides: "The trustee under a trust deed upon real property . . . may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the trust deed, or their successors in interest." *Id.* Plaintiff's own exhibits contain a Substitution of Trustee document, naming ReconTrust as the new trustee and executed by Bank of America, the beneficiary. It appears to have been recorded in Alameda County on July 10, 2012, and neither party disputes its validity (Compl., Exh. E). Defendants' motion to dismiss this claim is **GRANTED**.

### 7. REMAINING CLAIMS.

Unjust enrichment, also known as restitution, is not a theory of recovery but is instead a result thereof. *Jogani v. Superior Court*, 165 Cal.App.4th 901, 911 (2008). Declaratory relief and injunctive relief are, as their names imply, forms of relief, not claims for relief. Without prejudice to later granting any form of relief, these three claims are **DISMISSED**. To the extent plaintiff's opposition attempts to add additional claims under California law (Br. at 17–20), this attempt is improper and these claims will not be considered.

\*          \*          \*

This order notes plaintiff's counsel twice missed deadlines to respond to the instant motion to dismiss. In addition, plaintiff improperly tried to file an untimely amended complaint instead of responding as directed, and failed to submit a redline copy of that document as requested by the Court. This order addresses the merits of the motion in the interest of justice, but plaintiff should take care to heed future orders and case management deadlines.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**. Plaintiff may seek leave to amend the complaint and will have until **MAY 3, 2013,** to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. Plaintiff should plead her best case. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein, and should include as an exhibit a redline or highlighted version identifying all changes. If such motion is not filed by the deadline, this case will be closed and judgment entered.

**IT IS SO ORDERED.**

Dated: April 18, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9