United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SNEH NIRANJAN,

    Plaintiff,

v.

BANK OF AMERICA, N.A., RECONTRUST COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF HARBORVIEW MORTGAGE LOAN TRUST 2004-11, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-11 INDIVIDUALLY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1 through 100, inclusive,

    Defendants.

No. C 12-05706 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## INTRODUCTION

In this foreclosure action, plaintiff has filed a motion seeking leave to file an amended complaint. This motion follows a previous order granting defendants' motion to dismiss all of plaintiff's claims. For the reasons stated below, plaintiff's motion is **DENIED**.

## STATEMENT

The basic facts alleged are in a prior order and need not be repeated in detail herein (Dkt. No. 35). In brief, plaintiff Sneh Niranjan acquired a loan from Countrywide Home Loans, Inc. in 2004. The deed explicitly granted Mortgage Electronic Registration Systems ("MERS") the power to foreclose. Sometime after defendant Bank of America, N.A. acquired

1 Countrywide in 2008, plaintiff fell behind on her payments. Bank of America substituted
2 ReconTrust Company as the trustee and assigned the deed of trust to defendant Deutsche Bank
3 National Trust Company. ReconTrust recorded a notice of default and a notice of trustee's sale
4 to be held in October 2012.

Plaintiff's claims arise out of an attempt to invalidate a pending foreclosure on the theories that: (1) the note and deed of trust were improperly separated and are thus invalid; (2) MERS lacked authority to assign the deed of trust to the foreclosing entity; (3) the lender's failure to transfer the physical, original note made later foreclosure impossible; (4) securitization of the note left no party with the right to foreclose; and (5) defendants fraudulently "robo-signed" various documents.

Defendants moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), and the motion was granted by an order dated April 18, 2013 (Dkt. No. 35). The April 18 order stated that if plaintiff sought leave to amend, she must "clearly explain how the amendments to the complaint cure the deficiencies identified" by that order (*id.* at 9). Plaintiff's current motion seeking leave to file an amended complaint does not explain how the proposed amendments cure the deficiencies. Instead, the motion seeks to reargue issues already decided by the April 18 order. Moreover, the proposed amended complaint does not cure the deficiencies of the prior complaint. Accordingly, plaintiff's motion is **DENIED**.

## ANALYSIS

### 1. PLAINTIFF'S ARGUMENT FOR LEAVE TO FILE AN AMENDED COMPLAINT.

Pursuant to Rule 15(a)(2), leave to amend should be freely given where justice so requires, absent a showing of bad faith, dilatory motive, or undue prejudice. Leave to amend may be denied, however, if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

The majority of plaintiff's motion for leave to amend consists of arguments against the April 18 order. Contrary to that order, the motion does not outline how the proposed

2

amendments cure the deficiencies of the original complaint. This is unsurprising, however, given that the proposed pleading adds three new claims while leaving the previously dismissed claims and supporting factual allegations virtually untouched. The proposed pleading's minor amendments and the newly added claims are insufficient to state a claim for relief. This order now considers the new claims in turn.

### A. Quasi-Contract Claim.

The proposed amended complaint alleges that a quasi-contract exists between plaintiff and defendants because "[d]efendants acquired a benefit at the expense of [p]laintiff without [p]laintiff's knowledge or consent" (Dkt. No. 37-2 at 37). Quasi-contracts are not based upon the intent of the parties to be bound, but are rather "obligations created by law for reasons of justice." *McGough v. Univ. of S.F.*, 263 Cal. Rptr. 404, 408 (Cal. Ct. App. 1989) (citations omitted). The proposed pleading does not provide adequate grounds for this order to grant such an equitable claim. More importantly, our court of appeals has established that a claim of quasi-contract "does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Finance, Inc. v. General Electric Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). While the proposed amended complaint argues that the underlying contract is fraudulent, plaintiff's claims are grounded in the previously dismissed theories that: (1) the deed and note were void as of the time the note was sold into the asset-back securities pool, and (2) MERS had no authority to transfer the deed because MERS was the beneficiary for the defunct Countrywide. The underlying deed of trust is still valid; therefore a claim of quasi-contract cannot stand on the facts alleged here.

### B. Fraudulent Conveyance Claim.

The proposed pleading alleges that defendants fraudulently conveyed the deed of trust by "unlawfully transferr[ing] [p]laintiff's property among themselves" (Dkt. No. 37-2 at 37). As California Civil Code Section 3439.04(a) states, fraudulent conveyance is a claim by the *creditor* against the *debtor*. As plaintiff here is the debtor, while defendants are the creditors, the proposed amended complaint cannot state a viable claim of fraudulent conveyance.

3

### C. Violation of California Civil Code Section 2932.5.

California Civil Code Section 2932.5 establishes that the mortgagee as well as any assignee has the power of sale. In order for defendants to have violated this statute, the proposed pleading would have to sufficiently plead that the original deed of trust was fraudulent or that the assignments were fraudulent. It does not. Instead, the proposed amended complaint inserts this claim as an opportunity to repeat conclusory and previously dismissed allegations about defendants' assignment of the deed of trust (Dkt. No. 37-2 at 37–8).

### 2. PLAINTIFF'S ARGUMENTS AGAINST THE APRIL 18 ORDER.

Plaintiff's motion includes a number of arguments seeking to contest the April 18 order. If plaintiff wanted to object to the April 18 order granting defendants' motion to dismiss, she should have moved for leave to file a motion for reconsideration. Local Rule 7-9(b) states that in order to obtain leave to file a motion for reconsideration, the party must demonstrate "a manifest failure by the Court to consider material facts or dispositive legal arguments." Local Rule 7-9(c) further provides that the moving party may not repeat any oral or written argument in opposition to the order.

Having failed to timely file such a motion for reconsideration, the motion's attempts to reargue issues previously decided against plaintiff are unavailing. In the interest of justice, however, this order will very briefly address the motion's substantive arguments.

### A. MERS' Document Transfer Procedures.

The April 18 order rejected plaintiff's argument that MERS lacks the authority to initiate foreclosure where the deed of trust states otherwise (Dkt. No. 35 at 4). Plaintiff disagrees with the April 18 order's finding that "the deed explicitly granted MERS the power to foreclose" because MERS allegedly did not follow established procedure for the lawful transfer of real estate (Dkt. No. 37 at 9). Even if this allegation were substantiated — it is not — MERS' failure to follow procedure has no bearing on whether or not the deed of trust granted MERS the power to foreclose. The deed of trust clearly stated that the note "can be sold one or more times without prior notice to Borrower" (Dkt. No. 37-1 at 2). This is sufficient to establish MERS'

4

authority to initiate foreclosure, as previously held by the undersigned. *See Tall v. MERS*, No. C 12-05348 WHA, 2012 WL 6680183, at *3 (N.D. Cal. Dec. 21, 2012).

As to the motion's claim that MERS failed to follow the conditions precedent to paragraphs 20, 23, and 24 of the deed of trust, plaintiff offers no specifics as to which parts of these paragraphs MERS violated, how MERS violated these sections, or why these alleged violations would void the transfer of the deed of trust to another entity (Dkt. No. 37 at 10). When asked at the hearing how MERS violated procedure in transferring the deed of trust, plaintiff was unable to provide specifics. Instead, plaintiff merely repeated that the transfer was improper.

### B. Quiet Title Claim.

Plaintiff's quiet title claim was dismissed because plaintiff did not allege that she would make an offer to pay the full amount of debt, as is required (Dkt. No. 35 at 5). As argued in the prior round of briefing regarding defendants' motion to dismiss, the present motion again argues that plaintiff's quiet title claim does not require tender because she is attacking the validity of the underlying debt (Dkt. No. 37 at 12). The April 18 order, however, rejected the original note theory upon which plaintiff relies, so it may not be used as a basis to attack the underlying debt.

The motion also cites the decision in *Fleming v. Kagan*, 11 Cal. Rptr. 737, 740 (Cal. Ct. App. 1961), claiming it held that "the tender rule does not apply when it would be inequitable" (Dkt. No. 37 at 12). Nowhere in *Fleming* is there any mention of quiet title or the tender rule. The decision in *Fleming* is not on point. At the hearing and in her motion, plaintiff cited the decision in *Onofrio v. Rice*, 64 Cal. Rptr. 2d 74, 80 (Cal. Ct. App. 1997), claiming it held that "tender is not required when the action attacks the validity of the underlying debt" (Dkt. No. 37 at 12). *Onofrio*, however, only stated that where plaintiff has a counter-claim or an offset against defendant, a court may waive the tender rule. *Onofrio*, 64 Cal. Rptr. 2d at 80. Plaintiff has no such counter-claim or offset.

### C. TILA and RESPA Claims.

The April 18 order dismissed plaintiff's TILA claim because it was time-barred. A TILA claim for damages must be brought "within one year from the date of the occurrence of the

5

violation." 15 U.S.C. 1640(e). The statute of limitations is triggered by entry into the loan transaction. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff entered into the present transaction "on or about October 5, 2004," and thus had until October 2005 to file her TILA claim. Plaintiff, however, did not file her claim until November 2012.

The motion argues that the April 18 order's analysis of her TILA claim is "fatally flawed" because plaintiff was not aware of the alleged fraud until eight years after she executed the deed of trust (Dkt. No. 1 at 3). The motion cites no authority in support of the assertion that the statute of limitations is triggered by awareness of fraud. At the hearing, plaintiff merely restated that the claims were not time-barred. Given that our court of appeals explicitly stated that the statute of limitations is triggered by the loan transaction, the April 18 order's reasoning was sound in finding that plaintiff's TILA claim is time-barred. *See King*, 784 F.2d at 915. And, as discussed below, plaintiff's proposed amended complaint alleges no facts sufficient to support equitable tolling.

Next, the motion contends that the above arguments in support of plaintiff's TILA claim demonstrate that the April 18 order's RESPA analysis was also flawed (Dkt. No. 37 at 12). Not so. RESPA's statute of limitations is also triggered by the loan transaction and is for a period of one to three years, depending on the type of violation. 12 U.S.C. 2614. Plaintiff's RESPA claim is similarly time-barred.

### D. Equitable Tolling.

The April 18 order stated that "no facts on the face of the complaint indicate any possibility that equitable tolling might apply" (Dkt. No. 35 at 5). The present proposed amended complaint alleges no new facts. Instead, the motion asks that leave be granted to add *more* amendments if the proposed amended complaint does not sufficiently plead equitable tolling (Dkt. No. 37 at 11). Instead of amending the complaint to properly allege equitable tolling, plaintiff requests leave to make additional amendments at some future date. This request is denied. The April 18 order warned plaintiff to "plead her best case" (Dkt. No. 35 at 9). The proposed amended complaint fails to do so.

6

**CONCLUSION**

For the foregoing reasons, plaintiff's motion is **DENIED**. Plaintiff was given ample opportunity to sufficiently plead an adequate claim for relief. In plaintiff's proposed amended complaint, she fails to cure the deficiencies per the April 18 order's instructions. This action is at an end in the district court. Judgment will be entered by separate order. Plaintiff will please be mindful of the deadlines for pursuing an appeal to our court of appeals.

**IT IS SO ORDERED.**

Dated: June 13, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE